Judge Buckner
delivered the opinion of the court.
This action of ejectment was prosecuted on the demise o( Bowmar and others, against Hart, who was entered as defendant, and pleaded not guilty. Bowmar held the elder legal title to (he land in controversy, under a patent issued to McCracken. Hart claimed under a patent issued to John Holley. A virdict having been returned against Hart, he moved for a new trial, which was overruled,and hedías aPPea^e(^* The only question for consideration, grew ou^ instructions given to the jury by the circuit court, at the instance of Bowmar, and of instructions moved for by Hart, but which were rejected.
Those moved for by Hart related to the application of the statutes of limitations of twenty years, and of seven years. Without giving the instructions ft full' length, or entering into a minute history of the test!-* *453 mony;it is sufficient to say, that the proof was altogether insufficient to justify the court in giving them. It was insufficient, as it relates to the limitalion of twenty years; because it does not appear that there was any proof conducing to shew that there had been a continued adverse possession of the land in controversy, by Hart, or those under whom he claimed, for twenty years, previous to the commencement of this suit; and it was insufficient as it relates to the limitation of seven years; because neither Hart, nor his tenant, nor those under whom he claimed, had ever settled on the land in controversy; and that possession, without actual settlement on the land is unavailing, under the act to compel the speedy adjustment of iand claims, passed February, 1809, has been repeatedly decided by this court.
Actual settlement upon the land is necessary to protection under the seven years limitation law of 1809.
Wickliffe., Woolley and Denny, for appellant; Cril-ienden, for appellee.
The instruction given, at the instance of Bowmar, is as follows: ‘’That Hart could not protect himself under a seven years adverse possession, unless he shewed a title from the patentee,in law or equity'; and that such title must be evidenced by writing. The first part of the instruction is based on the erroneous supposition, that possession without settlement is sufficient; and so far admits too much against Bowmar; but it is unnecessary to enter into a particular examination of it, or to decide whether the court erred in instructing the jury, that the title must be in writing; because, if a claim not evidenced by writing be sufficient, yet as there had not been a settlement on the land, the instruction cannot have injured the appellant.
The judgment of the circuit court must be affirmed, with costs.